991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilma J. BROWNING, Widow of Charles E. Browning, Petitioner,
v.
SOUTHEAST COAL COMPANY; Director of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 92-4073.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1993.
 
 Before GUY and NELSON, Circuit Judges, and BECKWITH, District Judge.*
 PER CURIAM.
 
 
 1
 Wilma Browning, the widow of a deceased coal miner, petitions for review of a decision denying black lung benefits. After a hearing, an administrative law judge (ALJ) determined that the death of the miner was not due to pneumoconiosis nor was pneumoconiosis a substantial contributing cause of death. The Benefits Review Board (Board) affirmed, and this petition followed.
 
 
 2
 We review decisions of the Board for errors of law and adherence to the Board's statutory scope of review. Welch v. Benefits Rev. Bd., 808 F.2d 443, 445 (6th Cir.1986). The Board is required to affirm an ALJ's findings of fact "if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3), as incorporated by 30 U.S.C. § 932(a). Applying this standard to our independent review of the record, we conclude that the denial of benefits must be affirmed.
 
 
 3
 There is very little in dispute in this case, other than the result. Charles Browning died on January 21, 1987, at 38 years of age from a heart attack.[1] It is undisputed that he had worked in the coal mines for 18 years and that he had pneumoconiosis at the time of his death.[2]
 
 
 4
 Dr. Shiu-Kee Chan performed an autopsy of the chest only, and his findings were:
 
 
 5
 (1) simple coal worker's pneumoconiosis; (2) emphysema; (3) mild pulmonary congestion; (4) pleural fibrosis; (5) atherosclerosis, moderate to severe of coronary arteries; (6) thrombosis, coronary arteries; (7) recent small myocardial infarctions; (8) mild hypertrophy of heart; (9) hypertensive cardiovascular disease, mild.
 
 
 6
 (App. 10).
 
 
 7
 Two board certified internists testified by deposition, and their findings, as reported by the ALJ, were as follows:
 
 
 8
 11. Dr. Mitchell Wicker, Jr., a Board-certified internist, reviewed medical records of the Decedent and the autopsy report. Dr. Wicker diagnosed pneumoconiosis and opined that "[i]t is well within the realm of medical possibility for the Decedent to have had a respiratory disability."
 
 
 9
 * * *
 
 
 10
 13. Dr. William H. Anderson, a Board-certified internist and pulmonary specialist, reviewed the autopsy reports and the microscopic slides. He opined that the Decedent's cardiovascular problems were severe enough to have caused his death. He opined that the Decedent's vascular disease was probably severe enough to be disabling. Dr. Anderson diagnosed the existence of coal worker's pneumoconiosis.
 
 
 11
 (App. 11).
 
 
 12
 Dr. P. Raphael Caffrey, a pathologist, filed a consultation report and found the cause of death to be "thrombosis of [the] coronary arteries with subsequent acute myocardial infarction." (App. 35). More significantly, however, Dr. Caffrey went on to opine:
 
 
 13
 It is my opinion that the patient does show very mild changes of simple coal workers pneumoconiosis (CWP). It is definitely my opinion, that this amount of disease process (CWP) would not have disabled the patient at all. The finding of a mild degree of simple coal workers pneumoconiosis certainly had no cause or relationship to his severe coronary artery atherosclerosis with the subsequent thrombosis and myocardial infarction.
 
 
 14
 (Id..).
 
 
 15
 Neither Dr. Wicker nor Dr. Anderson voiced any opinion as to whether the pneumoconiosis played any causal role in Browning's death. 20 C.F.R. § 718.205(c)(4) provides:
 
 
 16
 However, survivors are not eligible for benefits where the miner's death was caused by a traumatic injury or the principal cause of death was a medical condition not related to pneumoconiosis, unless the evidence establishes that pneumoconiosis was a substantially contributing cause of death.
 
 
 17
 Other than establishing the existence of pneumoconiosis, the record is silent as to whether the pneumoconiosis was "a substantially contributing cause of death." There is, however, evidence in the form of Dr. Caffrey's opinion that pneumoconiosis did not contribute to Browning's death. This constitutes substantial evidence supporting the Board's decision.
 
 
 18
 The petition is DENIED.
 
 
 
 *
 Honorable Sandra S. Beckwith, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 The death certificate lists the cause of death as cardiac arrest due to "cardiac disarrhythmias" due to coronary artery disease
 
 
 [2]
 Chest x-rays and the autopsy supported the finding of pneumoconiosis